IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
WICHITA FALLS DIVISION

| | | |
|---|---|---|
| **BILLY LEE BROWN,** | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 7:23-cv-00084-O-BP |
| | § | |
| **COMMISSIONER OF SOCIAL SECURITY,** | § | |
| | § | |
| | § | |
| Defendant. | § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

On May 1, 2024, the United States Magistrate Judge issued Findings, Conclusions, and a Recommendation (the "FCR") in this case. FCR, ECF No. 14. The FCR recommended that the Court should **AFFIRM** the Commissioner's decision to deny Billy Lee Brown's ("Brown") application for Title II Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under the Social Security Act ("SSA"). Brown filed an Objection, ECF No. 15, on May 15, 2024.

The Court has conducted a de novo review of the FCR and Plaintiff's Objection. For the following reasons, Brown's Objection is **OVERRULED**, and the Court **ADOPTS** the reasoning in the Magistrate Judge's FCR.

### I.   FACTUAL BACKGROUND

The Court incorporates by reference the facts set forth in the FCR, ECF No. 14, and Objection, ECF. No. 15. The facts of this case are well known. FCR, ECF No. 14. The Court will not repeat them at length here.

1

Brown applied for DIB on April 22, 2020 (Tr. 269-70) and SSI on May 8, 2020. Soc. Sec. Admin. R. (hereinafter "Tr.") ECF No. 7-1 at 269-75. The Commissioner denied his application initially and upon reconsideration. Tr. 20, 121-26, 128-33. Brown challenged the Commissioner's denial in a hearing before an ALJ, who affirmed the Commissioner's decision. Tr. 42-66, 147-48, 20-27. Brown appealed the decision to the Appeals Council ("AC"), which denied review. Tr. 6-8. "[T]he Commissioner's decision does not become final until after the [AC] makes its decision denying the claimant's request for review." *Higginbotham v. Barnhart*, 405 F.3d 332, 337 (5th Cir. 2005). Brown then filed this civil action seeking judicial review of the Commissioner's decision under 42 U.S.C. §§ 405(g), 1383(c)(3). ECF No. 1.

## II.    LEGAL STANDARD

On review of the Commissioner's denial of benefits, a court is limited to whether the Commissioner's position is supported by substantial evidence and whether the Commissioner applied the proper legal standards when evaluating the evidence. *Greenspan v. Shalala*, 38 F.3d 232, 236 (5th Cir. 1994) (citing 42 U.S.C. §§ 405(g), 1383(c)(3)). Substantial evidence is defined as more than a scintilla and less than a preponderance, and as being such relevant and sufficient evidence as a reasonable mind might accept as adequate to support a conclusion. *Leggett v. Chater*, 67 F.3d 558, 564 (5th Cir. 1995). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. *Carrier v. Sullivan*, 944 F.2d 243, 247 (5th Cir. 1991). So, when applying the substantial evidence standard, the reviewing court does not weigh the evidence, retry the issues, or substitute its own judgment; rather, the court scrutinizes the record to determine whether substantial evidence is present. *Greenspan*, 38 F.3d at 236. A finding of no substantial evidence is appropriate only if there is a "conspicuous absence of credible choices" or "no contrary medical evidence" to support the

Commissioner's decision. *Johnson v. Bowen*, 864 F.2d 340, 343–44 (5th Cir. 1988) (internal citation omitted).

The Social Security Administration uses a five-step process to determine whether an individual is disabled. *See* 20 C.F.R. § 404.1520(a)(4). The steps are followed in order, and if at any step the Commissioner determines that the claimant is not disabled, the evaluation need not go on to the next step. *Id.* The five steps consider: (1) whether the claimant is engaged in substantial gainful activity; (2) whether the claimant's impairments are medically severe; (3) whether the claimant's medical impairment or combination of impairments meets or medically equals the criteria listed in the Listing of Impairments; (4) whether the RFC precludes the claimant from performing his past relevant work; and (5) whether the combination of the claimant's RFC, age, education, and work experience allow for adjustments to be made to permit the claimant to work. *Id.* If the impairment is severe but does not meet or equal a listed mental impairment, then the Commissioner must conduct an RFC assessment. *Id.* § 404.1520(e).

### III.     ANALYSIS OF OBJECTION

Brown objects to the FCR and insists that remand is required because the ALJ erred in calculating the 15-year look back window to determine when Brown's past relevant work experience should begin. Brown contends that the 15-year look back period should be calculated from "from the date of adjudication" and "not the alleged onset date." Obj. 1, ECF No. 15. The Court disagrees. In the Fifth Circuit "[p]ast relevant work is substantial gainful activity that the claimant performed *within fifteen years prior to the alleged disability onset date*." *Wilson v. Kijakazi*, No. 21-60663, 2022 WL 2339471, at *3 (5th Cir. June 29, 2022) (citing 20 C.F.R. §

3

404.1560(b)) (emphasis added).[1] Thus, because Brown's 2007 work as a production assembler took place within fifteen years prior to his April 2, 2020 onset date, and because no party has argued that the fifteen-year rule should not apply, it is past relevant work.

## IV.  CONCLUSION

After reviewing all relevant matters of record in this case, including the Findings, Conclusions, and Recommendation of the United States Magistrate Judge and any objections thereto, in accordance with 28 U.S.C. § 636(b)(1), the undersigned District Judge believes that the Findings and Conclusions of the Magistrate Judge are correct, and they are accepted as the Findings and Conclusions of the Court.

Accordingly, it is **ORDERED** that the Commissioner's decision is **AFFIRMED**.

**SO ORDERED on this 6th day of August, 2024.**

_____
Reed O'Connor
UNITED STATES DISTRICT JUDGE

---

[1] The actual agency policy states "[w]e do not *usually* consider that work you did 15 years or more before." 20 C.F.R. §§ 404.1565(a), 416.965(a) (emphasis added). While the policy issues a guideline, the use of the word *usually* as understood by its plain meaning does not create a rigid guideline, but a flexible and adaptable one. Thus, this Court finds the Commissioner's and FCR's reasoning in line with both Agency policy and the Fifth Circuit.